### Ross *v.* Willett *et al.*

*(Supreme Court, General Term, First Department. April 17, 1891.)*

PLEADING—MOTION TO MAKE MORE DEFINITE.

> The plaintiff's original complaint alleged a joint enterprise on the part of his intestate and defendants in the importation and sale of certain cargoes of sugar, and demanded an accounting. Upon motion of a defendant the plaintiff was required to make his complaint more definite and certain by setting out the provisions of the agreement. Plaintiff amended by showing on information and belief that there were no other provisions than those set forth by him; and, by affidavit, that he was unable to discover from the books and accounts of the intestate, or from other sources, that there were other terms than those alleged. *Held*, that the complaint, as amended, was a substantial compliance with the order of amendment.

Appeal from special term, New York county.

Action by Frank Ross, ancillary administrator of James G. Ross, deceased, against Wallace P. Willett and another for an accounting of sales and the recovery of any balance due plaintiff's intestate. The plaintiff appeals from an

order denying his motion to require the defendants' attorneys to accept his
amended complaint.    For former reports, see 11 N. Y. Supp. 621, and 13 N.
Y. Supp. 102, 103.

Argued before VAN BRUNT, P. J., and LAWRENCE and DANIELS, JJ.

*Wilcox, Adams & Macklin,* (*Geo. Bethune Adams,* of counsel,) for appellant.    *Theo. F. Sanxay,* for respondents.

DANIELS, J.    The complaint, as it was originally framed, alleged that the
intestate, together with the defendants, agreed to import into the United
States, and there sell, two cargoes of sugar on their joint account; that the
sugar was afterwards imported, and sold at a loss.    An accounting of the
sales was demanded, and of the moneys paid out and received by the intestate,
and the payment to him of any sum appearing to be due to him from the defendants.    A motion was made on behalf of the defendant Willett to make
the complaint more definite and certain by setting forth the provisions of the
agreements for the sale of the sugar.    That motion was denied, on the apparent ground that there was sufficient set forth to disclose the grounds of
the action, and to unable the defendants to understand and meet the case intended to be stated.    An appeal was taken by that defendant from the order
denying that motion; and while the appeal was pending the defendant Hamlen appeared in the action, and a like motion was then made in his behalf,
which was heard and decided by another justice then presiding in the same
court.    This motion was resisted on the decision made disposing of the first
motion; but an order was made requiring the plaintiff to add to the complaint a statement of the particulars of the agreements, and showing the
provisions thereof with respect to the sale of the sugar.    After that the appeal from the first order was heard at general term, and that order affirmed.
13 N. Y. Supp. 103.    On that affirmance a motion for a reargument of
the second order was made, and that was denied.    An appeal from the order
requiring the complaint to be made more definite and certain was then taken
to the general term, and that order affirmed, (Id. 102,) under the liberal conclusion that it did not materially affect the plaintiff's rights; and during the
pendency of that appeal the second order was extended so as to include the
case of the defendant Willett, whose application had been denied by the first
order.    These proceedings were certainly a little remarkable, showing as they
do a disregard of the first order made in the same court.    But nevertheless
the plaintiff has endeavored to comply with what he has in this manner been
directed to make a part of his complaint.    For that purpose it has been further alleged upon the information and belief of the plaintiff that the agreement did not provide for the sale of the sugar mentioned in the first cause of
action at any particular time, nor in any particular manner, or by any particular person; and, after the first cargo arrived at the city of Boston, and the
defendants had been asked by the intestate for suggestions concerning the
sale of it, and they had declined to comply with the request, he sold the sugar
according to the regular course of trade; and similar averments are made concerning the arrival and sale of the second cargo of sugar at the city of New
York.    This complaint, with these additional allegations, was served on the
defendants' attorneys, and they refused to accept it as a compliance with the
orders, and returned it to the plaintiff's attorney, who then made the motion
which was denied by the order appealed from.    The practice pursued on the
part of the defendants has been very precise, and they have been unusually
successful in it, where, as the fact is clearly apparent, they must have known
the terms of their agreements with the intestate, much more perfectly than it
was possible for the plaintiff to ascertain them, as the agreements for the importation and sale of the cargoes were not in writing.    He has brought his
action to settle the joint dealings between the deceased party and these survivors, and very general allegations concerning such dealings are commonly

tolerated. But added to such allegations are those showing on the information and belief of the plaintiff that there were no other terms or provisions of the agreements beyond those set forth by him; and it appears from his affidavit that he is unable to discover anything from the papers or accounts of the intestate, or from information that could be gained by him from other sources, that there were any other or further terms agreed upon between the parties than he has now alleged; and the result must be, if his complaint cannot be served as it has been finally framed, that he must be turned out of court, and prevented from maintaining his rights, however meritorious they may be, for an inability to strictly and formally comply with the order which this general term has held could not seriously operate to his prejudice in the action. It would be a just ground of reproach if that should be sanctioned, after so much liberality has been extended to these defendants. The plaintiff has done all he can, and though not literally, he has substantially, complied with the orders, and his complaint should be sustained as such a compliance. The order, therefore, should be reversed, with $10 costs and the disbursements, and the motion granted. All concur.